**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ADAM PETRIS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SPORTSMAN'S WAREHOUSE, INC., and SPORTSMAN'S WAREHOUSE HOLDINGS, INC.,<br><br>    Defendants. | Case No. 2:23-CV-1867-WSS<br><br>**MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL; MEMORANDUM OF LAW IN SUPPORT** |
| MICHAEL SCHULTZ, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SPORTSMAN'S WAREHOUSE, INC. and SPORTSMAN'S WAREHOUSE HOLDINGS, INC.,<br><br>    Defendants. | Case No. 2:24-cv-00973-WSH |

Plaintiff Adam Petris ("Plaintiff") hereby moves the Court for an order:

1.    Consolidating, pursuant to Fed. R. Civ. P. 42(a), *Petris v. Sportsman's Warehouse, Inc.*, No. 2:23-CV-1867-WSS (W.D. Pa.) and *Schultz v. Sportsman's Warehouse, Inc.*, No. 2:24-cv-00973-WSH (W.D. Pa.) (the "Related Actions"), and any future related actions filed in, removed to, or transferred to this Court, under the docket number of the first-filed *Petris* case, No. 2:23-CV-1867-WSS; and

2.    Appointing Joshua D. Arisohn, Philip L. Fraietta, and Stephen A. Beck of Bursor & Fisher, P.A. as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g).

i

Plaintiff's motion is based on this motion; the accompanying Memorandum of Points and Authorities; the Proposed Order submitted herewith; and any other matter the Court may wish to consider.

Undersigned counsel have conferred with counsel for Sportsman's Warehouse, Inc. and Sportsman's Warehouse Holdings, Inc. (collectively, "Defendants") who have indicated that Defendants do not oppose consolidation of the Related Actions and take no position on the requested appointments under Fed. R. Civ. P. 23(g)(3).

Dated:  July 31, 2024                    Respectfully submitted,

By:    _/s/ Joshua D. Arisohn_
              Joshua D. Arisohn

**BURSOR & FISHER, P.A.**
Joshua D. Arisohn*
Philip L. Fraietta*
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: jarisohn@bursor.com
          pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Stephen A. Beck*
701 Brickell Ave., Suite 1420
Miami, FL 33131-2800
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: sbeck@bursor.com

*Admitted Pro Hac Vice*

*Attorneys for Plaintiff and the Putative Class*

ii

**TABLE OF CONTENTS**

**PAGE(S)**

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND .................................................................................................. 4

    A.  Common Allegations ................................................................................. 4

    B.  Procedural History ................................................................................... 5

III.  ARGUMENT ....................................................................................................... 6

    A.   The Related Actions Should Be Consolidated Under Rule 42(a) ....................................... 6

1.   Legal Standard For Fed. R. Civ. P. 42(a) Consolidation ......................................... 6

2.   Consolidation Is Appropriate Under Rule 42(a) ................................................... 7

    B.   The Court Should Appoint Interim Class Counsel Pursuant to Rule 23(g) ....................... 8

1.   Legal Standard for Appointing Interim Class Counsel Under Rule 23(g) ............................. 8

2.   Proposed Interim Class Counsel Performed Substantial Work in Investigating this Action .. 9

3.   Proposed Interim Class Counsel Have Substantial Knowledge About and Are Experienced in Leading and Resolving Data Privacy Class Actions ............................................... 11

4.   Proposed Interim Class Counsel Are Committed to Representing and Advancing the Interests of the Class ....................................................................................... 14

**TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES**

*A.S. ex rel. Miller v. SmithKline Beecham Corp.*,
769 F.3d 204 (3d Cir. 2014)................................................................................................ 6

*Berkelhammer v. Automatic Data Processing, Inc.*,
2022 WL 3593855 (D.N.J. Aug. 23, 2022) ......................................................................... 8

*Beture v. Samsung Elecs. Am., Inc.*,
2018 U.S. Dist. LEXIS 50413 (D.N.J. Mar. 27, 2018)....................................................... 8

*Boelter v. Hearst Communications, Inc.*,
269 F. Supp. 3d 172 (S.D.N.Y. 2017).......................................................................... 2, 14

*Brown v. Access Midstream Partners, L.P.*,
2015 WL 1471598 (M.D. Pa. Mar. 31, 2015)..................................................................... 8

*Cole's Wexford Hotel, Inc. v. UPMC*,
127 F. Supp. 3d 387 (W.D. Pa. 2015).................................................................................. 8

*Demchak Partners Ltd. P'ship v. Chesapeake Appalachia, LLC.*,
2014 WL 4955259 (M.D. Pa. Sept. 30, 2014) .................................................................... 7

*Ebin v. Kangadis Food Inc.*,
297 F.R.D. 561 (S.D.N.Y. 2014) ...................................................................................... 13

*Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*,
339 F.2d 673 (3d Cir. 1964)................................................................................................ 7

*Ewideh v. Homesite Ins. Co. Midwest*,
2024 WL 760227 (M.D. Pa. Feb. 23, 2024) ................................................................... 6, 7

*Fischer v. Instant Checkmate LLC*,
2022 WL 971479 (N.D. Ill. Mar. 31, 2022)........................................................................ 2

*Forcellati v. Hyland's, Inc.*,
2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) .................................................................... 13

*Hall v. Hall*,
138 S. Ct. 1118 (2018).......................................................................................................... 6

*Hart v. BHH, LLC*,
2017 WL 2912519 (S.D.N.Y. July 7, 2017) ..................................................................... 12

*Heed ex rel. Universal Health Servs., Inc. v. Miller*,
2018 WL 1532955 (E.D. Pa. Mar. 29, 2018)...................................................................... 7

iv

*In re Lucent Techs. Inc. Sec. Litig.,*
  221 F. Supp. 2d 472 (D.N.J. 2001) ............................................................................. 6

*In re New Jersey Tax Sales Certificates Antitrust Litig.,*
  2012 WL 5214598 (D.N.J. Oct. 22, 2012)................................................................. 15

*In re Scotts EZ Seed Litig.,*
  304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015).................................................................. 13

*In re Shop-Vac Mktg. & Sales Pracs. Litig.,*
  2013 WL 183855 (M.D. Pa. Jan. 17, 2013)................................................................. 9

*In re Vanguard Chester Funds Litig.,*
  625 F. Supp. 3d 362 (E.D. Pa. 2022) .......................................................................... 9

*Infinity Computer Products, Inc. v. Bro. Intern. Corp.,*
  909 F. Supp. 2d 415 (E.D. Pa. 2012) .......................................................................... 6

*Kaupelis v. Harbor Freight Tools USA, Inc.,*
  2020 WL 5901116 (C.D. Cal. Sept. 23, 2020) .......................................................... 12

*KBC Asset Mgt. NV ex rel. Chemed Corp. v. McNamara,*
  78 F. Supp. 3d 599 (D. Del. 2015).............................................................................. 8

*Martinelli v. Johnson & Johnson,*
  2019 WL 1429653 (E.D. Cal. Mar. 29, 2019) ........................................................... 12

*Melgar v. Zicam LLC,*
  2016 WL 1267870 (E.D. Cal. Mar. 31, 2016) ........................................................... 12

*Meyers v. Onix Grp., LLC,*
  2023 WL 4630674 (E.D. Pa. July 19, 2023)............................................................... 10

*Ortiz v. U.S. Steel Corp.,*
  2017 WL 3503142 (W.D. Pa. Aug. 16, 2017) ............................................................. 6

*Perez v. Rash Curtis & Assocs.,*
  2020 WL 1904533 (N.D. Cal. Apr. 17, 2020) ........................................................... 12

*Rieger v. Volkswagen Grp. of Am., Inc.,*
  2023 WL 3271116 (D.N.J. May 4, 2023)..................................................................... 9

**STATUTES**

18 Pa. Con. Stat. § 6111(i).......................................................................................... 4, 9

18 U.S.C. § 2710.......................................................................................................... 13

47 U.S.C. § 227............................................................................................................ 13

v

**RULES**

Fed. R. Civ. P. 23(g) ........................................................................................................ 1

Fed. R. Civ. P. 23(g)(1)(A) ......................................................................................... 9, 14

Fed. R. Civ. P. 23(g)(1)(B) .............................................................................................. 9

Fed. R. Civ. P. 42(a) .......................................................................................... passim

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE CASES
AND APPOINT INTERIM CLASS COUNSEL**

## I.  INTRODUCTION

Plaintiff Adam Petris ("Plaintiff") in the above-captioned *Petris* action respectfully moves this Court for an order (1) consolidating *Petris v. Sportsman's Warehouse, Inc. et al.*, No. 2:23-CV-1867-WSS (W.D. Pa.) and *Schultz v. Sportsman's Warehouse, Inc.*, No. 2:24-cv-00973-WSH (W.D. Pa.) (the "Related Actions"), pursuant to Fed. R. Civ. P. 42(a), as well as any future related actions that may be filed in this Court, under the docket of the first-filed *Petris* action (No. 2:23-CV-1867-WSS); and (2) appointing Joshua D. Arisohn, Philip L. Fraietta, and Stephen A. Beck of Bursor & Fisher, P.A.  as Interim Co-Lead Class Counsel (collectively, "Proposed Interim Class Counsel") pursuant to Fed. R. Civ. P. 23(g)(3).

Consolidation of the Related Actions is appropriate because they arise from the same nucleus of operative facts—Defendants Sportsman's Warehouse Inc.'s and Sportsman's Warehouse Holding, Inc.'s (collectively, "Sportsman's Warehouse" or "Defendants") alleged practices of unlawfully obtaining, collecting, sharing, and/or otherwise disclosing users' Personally Identifiable Information ("PII"), website activities, and firearms purchases using the Facebook Tracking Pixel without obtaining their informed consent.

Appointing interim class counsel here is appropriate because, as described below, other duplicative actions will likely be filed in this Court and elsewhere.  Appointment of interim class counsel will clarify the roles and responsibilities of counsel on behalf of the class, while avoiding duplicative and unnecessary litigation that could result in inefficiencies for the Court and the Parties.

Proposed Interim Class Counsel are uniquely qualified to lead this litigation.  They have performed substantial work to identify and investigate potential claims in this case, consulted with

1

and will be retaining the leading experts on the matters alleged in these cases, and are the firm that filed the first action seeking redress for Defendants' alleged privacy violations.  Proposed Interim Class Counsel should be appointed to lead this litigation for at least the following reasons.  *First,* Mr. Arisohn and Mr. Fraietta have years of privacy class action experience to effectively lead this litigation on behalf of the putative Class.  Mr. Arisohn and Mr. Fraietta and their firm have been repeatedly appointed leadership positions in numerous privacy cases as well as other consumer class actions affecting large classes.  *See, e.g., In re: Apple Data Privacy Litigation*, Case No. 5:22-cv-07069-EJD, ECF No. 104, at 3–4 (N.D. Cal. July 5, 2023) (Hon. Edward J. Davila) (noting that "Bursor & Fisher laid the groundwork for this action with its initial complaint and has been diligent in coordinating the numerous individual cases for consolidation . . . The Court has the utmost confidence that these firms will capably represent the putative class."); *Fischer v. Instant Checkmate LLC*, 2022 WL 971479, at *15 (N.D. Ill. Mar. 31, 2022) (certifying class for claims pursuant to the Illinois Right of Publicity Act and appointing Philip L. Fraietta as co-class counsel); *Boelter v. Hearst Communications, Inc.*, 269 F. Supp. 3d 172 (S.D.N.Y. 2017) and *Edwards v. Hearst Communications, Inc.*, Case No. 15-cv-09279-AT (S.D.N.Y. 2019) (Bursor & Fisher was an integral part of the litigation team in these actions and won a motion for summary judgment and achieved a $50 million settlement in cases involving Hearst's data sharing practices).  The qualifications and experience of Mr. Arisohn, Mr. Fraietta, and Mr. Beck are detailed in the concurrently filed Declaration of Philip L. Fraietta and firm resume.

*Second*, Proposed Interim Class Counsel possess extensive knowledge of the applicable facts and law.  Their lawyers were the first to investigate and understand the facts and legal issues of this case.  Proposed Interim Class Counsel have repeatedly litigated, conducted significant discovery in (including depositions of information security officers, and technical and damages

witnesses and experts), and briefed essentially every aspect of privacy class action cases. Their experience, in this case and in similar cases, will allow them to efficiently manage pivotal issues, including standing, as well as technical issues related to data sharing, class member identification, and damages.

*Third*, Proposed Interim Class Counsel were the first to comprehensively investigate the facts of this matter and commence the prosecution of this case. They have worked cooperatively in an organized and efficient fashion. The team devoted substantial time to investigate the background facts, conduct research into the extent of the disclosures at issue, draft two detailed complaints, and communicate with counsel for Defendants about case management issues. Indeed, the *Petris* FAC contains allegations absent from the *Schultz* Complaint, including comprehensive details concerning the functionality of the Facebook Tracking Pixel. *Petris* FAC ¶¶ 10-16, 26-36. The *Petris* FAC also contains detailed allegations regarding Defendants' use of the Listrak software code, which is similarly absent from the *Schultz* Complaint. *Petris* FAC ¶¶ 37-44. Proposed Interim Class Counsel have been contacted by many consumers about this matter, enabling them to thoroughly understand the ways in which consumers have been impacted by Defendants' alleged conduct.

*Fourth*, the team will effectively manage the litigation. Mr. Arisohn and Mr. Fraietta have led numerous complex litigations and believe that an efficient, well-defined team structure will produce the best results. They will further be assisted by Steven A. Schwartz of Chimicles Schwartz Kriner & Donaldson-Smith, LLP, and other lawyers at their firms, who will help steer this litigation on a prudent course.

*Fifth*, the firm of Bursor & Fisher can and will commit sufficient resources to adequately represent the class.

For the foregoing reasons and those that follow, Plaintiff respectfully requests that the Court consolidate the Related Actions and appoint Mr. Arisohn, Mr. Fraietta, and Mr. Beck as Interim Class Counsel.

## II.    BACKGROUND

### A.    Common Allegations

Defendants own and operate www.sportsmans.com (the "Website"), which sells sporting goods, including firearms.  *Petris* FAC ¶¶ 7–8; *Schultz* Compl., ECF No. 1–2 ¶ 11–12.  Plaintiff Schultz and Plaintiff Petris (collectively, "Plaintiffs") allege in the Related Actions that Defendants integrated the Facebook Meta Pixel into the Website and assisted third parties in intercepting Plaintiffs' protected information about their firearms purchases.  *Petris* FAC ¶ 9; *Schultz* Compl. ¶ 1–6.  Defendants assisted these interceptions without Plaintiff's knowledge or consent.  *Petris* FAC ¶ 9; *Schultz* Compl. ¶ 3.  Plaintiffs assert that such violation breached confidentiality and unlawfully disclosed Plaintiffs' and class members' personally identifiable information and protected firearm purchase information.  *Petris* FAC ¶ 9; *Schultz* Compl. ¶ 3–6.  Furthermore, Plaintiffs allege that Defendants' conduct violates the Uniform Firearms Act, 18 Pa. Con. Stat. § 6111(i) ("UFA").  *Petris* FAC ¶¶ 74–78; *Schultz* Compl. ¶¶ 44–55.  The Related Actions seek certification of similar classes.  The *Schultz* Action putative class definition:

> Pennsylvania residents who added a firearm to their Sportsmans.com shopping cart or who purchased a firearm from Sportsmans.com and had this information shared with a third party (the "Class").

*Schultz* Compl. ¶ 29.

The *Petris* Action putative class definition:

> [A]ll persons in Pennsylvania who purchased a firearm from sportsmans.com.

*Petris* FAC ¶ 57.

4

The Related Actions seek overlapping relief: statutory damages; prejudgment interest; injunctive relief; reasonable attorneys' fees, expenses, and costs; and any further relief the Court deems appropriate. *Petris* FAC ¶¶ 67, 76; *Schultz* Compl. ¶ 55.

**B.       Procedural History**

The *Petris* Action was filed against Defendants on October 27, 2023. ECF No. 1. On November 16, 2023, a summons was served on each Defendant with their answers due on December 7, 2023. ECF Nos. 5–7. On December 5, 2023, a Stipulation for Extension of Time to Answer was filed by Defendants. ECF No. 9. Defendants moved to dismiss the complaint on January 4, 2024. ECF No. 14. In response, Plaintiff Petris amended the complaint on January 26, 2024. ECF No. 19 ("FAC"). On February 9, 2024, Defendants moved to dismiss Plaintiff's FAC. ECF Nos. 21-22. In response, Plaintiff Petris filed his opposition to Defendants' motion to dismiss. ECF No. 24. On March 11, 2024, Defendants filed their reply in support of their motion to dismiss. ECF No. 25. On June 3, 2024, the Court denied Defendants' motion to dismiss Plaintiff Petris' FAC. ECF Nos. 26-27. On June 17, 2024, Defendants filed their Answer to the FAC. ECF No. 28. On July 22, 2024, Plaintiff Petris and Defendants filed their Report of Rule 26(f) Planning Meeting. ECF No. 31. On July 29, 2024, the Court issued a scheduling order. ECF No. 37.

On May 28, 2024, seven months after the commencement of the *Petris* Action, Plaintiff Michael Schultz ("Plaintiff Schultz") filed the *Schultz* Action in the Court of Common Pleas of Allegheny County, Pennsylvania against Defendants. *Schultz* Action, ECF No. 1–2. The *Schultz* Action is nearly identical to the *Petris* Action, as it involves the same claims against the same Defendants. The *Schultz* Action was removed to this Court on July 5, 2024. *Schultz* Action, ECF No. 1. On July 11, 2024, Defendants filed their answer to the *Schultz* Complaint. *Schultz* Action, ECF No. 7.

III.    **ARGUMENT**

    A.    **The Related Actions Should Be Consolidated Under Rule 42(a)**

        1.    **Legal Standard For Fed. R. Civ. P. 42(a) Consolidation**

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

Courts enjoy broad discretion to order consolidation under Rule 42(a). *See e.g.*, *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3d Cir. 2014) (stating that "under Federal Rule of Civil Procedure 42(a), district courts have 'broad power' to consolidate cases that share 'common question[s] of law or fact'"); *Ewideh v. Homesite Ins. Co. Midwest,* 2024 WL 760227, at *2 (M.D. Pa. Feb. 23, 2024); *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."). Courts routinely consolidate multiple class actions when the claims arise out of the same or similar operative facts. *See Ortiz v. U.S. Steel Corp.,* 2017 WL 3503142, at *2 (W.D. Pa. Aug. 16, 2017) (consolidating two class actions when both cases present similar factual and legal issues, stem from the same alleged scheme by defendants, and name the same or similar defendants); *In re Lucent Techs. Inc. Sec. Litig.,* 221 F. Supp. 2d 472, 482 (D.N.J. 2001) (same).

Consolidation of similar class actions expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved. *See Infinity Computer Products, Inc. v. Bro. Intern. Corp.*, 909 F. Supp. 2d 415, 420 (E.D. Pa. 2012) ("Consolidation

provides a mechanism through which [the court] may efficiently manage this matter and better conserve all actors' resources.").  In considering consolidation, "the court must balance the savings of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause."  *Demchak Partners Ltd. P'ship v. Chesapeake Appalachia, LLC.*, 2014 WL 4955259, at \*10 (M.D. Pa. Sept. 30, 2014); *Ewideh,* 2024 WL 760227, at \*2 (same).

**2.      Consolidation Is Appropriate Under Rule 42(a)**

The Complaints in each of the Related Actions assert a common cause of action—violation of the UFA—against common Defendants, in response to the same alleged misconduct—Defendants' alleged unlawful data collection and sharing practices.  The Related Actions both seek similar relief, certification of similar classes, and allege that Plaintiffs and class members suffered similar harms as a result of Defendants' conduct.

Consolidation of the Related Actions is warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially because the Related Actions are early in the litigation.  Consolidating the Related Actions will also reduce the confusion and delay that may result from prosecuting related putative class actions separately, including eliminating additional duplicative discovery and the possibility of inconsistent rulings on class certification, *Daubert* motions, and other pretrial matters.  Furthermore, consolidation will foster judicial economy and will not prejudice any party.  Courts consistently find cases with such similarities are appropriate for Rule 42 consolidation.  *See Heed ex rel. Universal Health Servs., Inc. v. Miller*, 2018 WL 1532955 (E.D. Pa. Mar. 29, 2018*)* (consolidating cases when both cases arise from "a common nucleus of operative facts" and involve "virtually identical questions of law"); *Ellerman Lines, Ltd. v. Atlantic & Gulf*

7

*Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964) (same); *KBC Asset Mgt. NV ex rel. Chemed Corp. v. McNamara*, 78 F. Supp. 3d 599, 603 (D. Del. 2015) (same).

Thus, Plaintiff Petris respectfully requests that the Court consolidate the Related Actions under the docket number of the first filed case, No. 2:23-CV-01867-WSS.

**B.      The Court Should Appoint Interim Class Counsel Pursuant to Rule 23(g)**

**1.      Legal Standard for Appointing Interim Class Counsel Under Rule 23(g)**

"Rule 23(g)(3) provides that '[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *Cole's Wexford Hotel, Inc. v. UPMC*, 127 F. Supp. 3d 387, 425 (W.D. Pa. 2015). "A court should be satisfied that the appointment of interim class counsel is necessary to protect the interests of the class." *Berkelhammer v. Automatic Data Processing, Inc.*, 2022 WL 3593855, at *2 (D.N.J. Aug. 23, 2022) (citation omitted).

Early class counsel appointments are particularly important where, as here, it is anticipated that more cases will be filed by other counsel. *See, e.g., Beture v. Samsung Elecs. Am., Inc.*, 2018 U.S. Dist. LEXIS 50413, at *3 (D.N.J. Mar. 27, 2018) ("This Court is persuaded that it is in the interest of the putative class of Plaintiffs to prevent a competition between counsel, and to encourage the coordination and cooperation of counsel by granting this motion."); *Brown v. Access Midstream Partners, L.P.*, 2015 WL 1471598, at *3 (M.D. Pa. Mar. 31, 2015) ("In complex cases, appointment of interim class counsel can clarify the responsibilities of the parties prior to class certification.") (citing MANUAL FOR COMPLEX LITIGAITON (Fourth) § 21.11); *Berkelhammer*, 2022 WL 3593855, at *2 (noting that appointment of interim class counsel "is proper if 'there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated'") (citing MANUAL § 21.11).  Thus, appointing lead counsel now

8

will "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MANUAL § 21.11; *see, e.g.*, *Rieger v. Volkswagen Grp. of Am., Inc.*, 2023 WL 3271116, at *24 (D.N.J. May 4, 2023) (granting motion to appoint interim counsel where "Plaintiffs assert that appointment of interim lead counsel is necessary for effective communication, protection of class interests, and avoiding copycat cases . . .").

"The rule directs the court to consider counsel's (i) work to identify or investigate the claims; (ii) experience with the particular issue; (iii) knowledge of the particular area of law; and (iv) resources." *In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d 362, 364 (E.D. Pa. 2022) (citing Fed. R. Civ. P. 23(g)(1)(B)). The court may also consider any other factor that affects counsel's ability to act in the best interests of the putative class. Fed. R. Civ. P. 23(g)(1)(A); *see also In re Shop-Vac Mktg. & Sales Pracs. Litig.*, 2013 WL 183855, at *1 (M.D. Pa. Jan. 17, 2013) ("The same factors governing the appointment of class counsel [at the class certification stage] apply when appointing interim class counsel.").

As discussed below, each of the relevant factors demonstrate that Proposed Interim Class Counsel are highly qualified to represent the interests of the class.

2. **Proposed Interim Class Counsel Performed Substantial Work in Investigating this Action**

Among other tasks, Proposed Interim Class Counsel has performed the following work so far:

     a. Researched Pennsylvania consumers' privacy rights under the Uniform Firearms Act 18 Pa.C.S. § 6111(i);

     b. Investigated the functionality of the Facebook Tracking Pixel;

c.  Investigated the functionality of the Listrak software code;

d.  Confirmed Defendants' use of the Facebook Tracking Pixel and Listrak software code on its website www.sportsmans.com;

e.  Investigated Plaintiff's use of www.sportsmans.com and Facebook's record of that use obtained through the Facebook Tracking Pixel and other software code;

f.  Investigated legal claims arising from Defendants' use of the Facebook Tracking Pixel and Listrak software code;

g.  Researched Defendants' corporate structure;

h.  Investigated Defendants' privacy disclosures and methods of attaining assent to its Terms of Use and Privacy Policy;

i.  Evaluated Defendants' likely defenses based on extensive factual and legal research;

j.  Investigated the nature of the challenged conduct at issue by interviewing class members;

k.  Investigated the adequacy of the named Plaintiff to represent the putative class;

l.  Drafted and filed the Complaints in this action (ECF Nos. 1, 19); and

m.  Defeated Defendants' Motion to Dismiss (ECF No. 27).

Proposed Interim Class Counsel has conducted all the work necessary to prosecute this litigation thus far, and they stand ready, willing, and able to continue to devote the substantial effort and resources (including the advancement of costs) necessary for advancing the claims of Plaintiffs and the proposed class.  Fraietta Decl. ¶¶ 15–18.  These efforts support appointing Proposed Interim Class Counsel.  *See Meyers v. Onix Grp., LLC*, 2023 WL 4630674, at *2 (E.D. Pa. July 19, 2023) (appointing interim class counsel where the firm "performed substantial work to identify and investigate the claims in this matter, such as 'reviewing consumer communications concerning the data breach . . .'").  Proposed Interim Class Counsel's independent investigative efforts and collaborative approach strives for the high standard of

10

professionalism, dedication, and thoroughness that courts require and expect of class counsel.

>   **3.**    **Proposed Interim Class Counsel Have Substantial Knowledge About and Are Experienced in Leading and Resolving Data Privacy Class Actions**

Proposed Interim Class Counsel has substantial experience handling data privacy class actions, including many involving the disclosure of online communications via the Facebook Tracking Pixel. Thus, Bursor & Fisher is intimately familiar with the Facebook Tracking Pixel technology at issue in this case. Indeed, the firm filed the first ever class action based on tracking using the Facebook Tracking Pixel. *Rickwalder v. Facebook, Inc.*, Case No. 21CV383231 (Santa Clara Cnty.). Proposed Interim Class Counsel is also counsel of record in dozens of actions alleging similar privacy violations through the use of the Facebook Tracking Pixel. *See e.g.*, *Strusowski v. Nemours Found.*, Case No. 2:23-cv-00537 (E.D. Pa.); *Mohr v. Trustees of Univ. Of Penn.*, Case No. 2:23-cv-00731 (E.D. Pa.); *Cole v. Quest Diagnostics, Inc.*, Case No. 2:23-cv-20647 (D.N.J.); *Jancik v. WebMD LLC*, Case No. 1:22-CV-644-TWT (N.D. Ga.); *Aldana v. Gamestop, Inc.*, Case No. 22-cv-7063 (S.D.N.Y.); *Berryman v. Reading Int'l*, Case No. 1:24-cv-00750-PAE (S.D.N.Y.); *King v. Hard Rock Cafe Int'l*, Case No. 24-cv-004071 (Super. Ct., Sacramenta Cnty., Cal.); *Beauford v. Johns Hopkins Hosp., Inc.*, Case No. C-03-CV-23-000501 (Baltimore Cnty., MD). Fraietta Decl. ¶ 19.

Moreover, this Action is one of five cases filed by Bursor & Fisher alleging similar violations of the Pennsylvania Uniform Firearms Act. *See Delong v. Sportsman's Guide, Inc.*, Case No. 2:23-cv-04356 (E.D. Pa.); *Digregorio v. Brownells, Inc.*, Case No. 2:23-cv-4557-JMY (E.D. Pa.); *Mcqueen v. Primary Arms LLC*, Case No. 2:24-cv-725 (E.D. Pa.); *Irvin v. Cabela's L.L.C., et al.*, Case No. 2023-01668 (Ct. of Common Pleas, Lebanon). Bursor & Fisher was the first law firm in the country to represent a putative class of Pennsylvania consumers alleging

violations of the Pennsylvania Uniform Firearms Act related to unlawful disclosures through the Facebook Tracking Pixel.  *See* Fraietta Decl. ¶ 18.

Additionally, in a robocall case, Bursor & Fisher won a trial verdict, resulting in a class judgment of $267 million.  *Perez v. Rash Curtis & Assocs.*, 2020 WL 1904533, at *21 (N.D. Cal. Apr. 17, 2020).  *See* Fraietta Decl. ¶ 21.  District Judge Yvonne Gonzalez Rogers, in upholding the $267 million award, noted "the general quality of the representation and the complexity and novelty of the issues" and that "[t]he benefit obtained for the class is an extraordinary result."  In another case involving Illinois's Biometric Information Privacy Act ("BIPA"), Bursor & Fisher helped secure a $100 million class settlement on behalf of Illinois residents appearing on the Google Photos platform.  *See* Fraietta Decl. ¶ 21.

The attorneys of Bursor & Fisher have achieved excellent results in class actions in which they have been appointed lead or co-lead class counsel.  *See* Fraietta Decl. Ex. 1 (Bursor & Fisher Firm Resume).  For example, the firm negotiated and obtained court approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively).  *See id.*  These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications.  *See id.*  Such superlative results are the product of consistency, and Bursor & Fisher attorneys routinely win certification of multi-state and nationwide classes.  *See Kaupelis v. Harbor Freight Tools USA, Inc.*, 2020 WL 5901116, at *1 (C.D. Cal. Sept. 23, 2020) (certifying multi-state class of purchasers of defective chainsaws); *Martinelli v. Johnson & Johnson*, 2019 WL 1429653, at *10 (E.D. Cal. Mar. 29, 2019) (certifying multi-state class of purchasers of Benecol spreads); *Hart v. BHH, LLC*, 2017 WL 2912519, at *9 (S.D.N.Y. July 7, 2017) (certifying nationwide and multi-state classes of purchasers pest repellants); *Melgar v. Zicam LLC*, 2016 WL 1267870 at *7 (E.D.

Cal. Mar. 31, 2016) (certifying multi-state classes of purchasers of Zicam's homeopathic cold remedies); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015); *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014); *Forcellati v. Hyland's, Inc.*, 2014 WL 1410264, at *13 (C.D. Cal. Apr. 9, 2014).  In total, within the past ten years, Bursor & Fisher lawyers have been court-appointed counsel or interim class counsel in more than 70 class actions.  Fraietta Decl. Ex. 1.

**Joshua D. Arisohn** is a Partner with Bursor & Fisher, P.A.  Mr. Arisohn has litigated precedent-setting cases in the areas of consumer class actions.  *See* Fraietta Decl. Ex. 1.  Mr. Arisohn has been actively involved in numerous cases that resulted in multi-million-dollar recoveries for consumers and investors. Mr. Arisohn has handled cases involving a wide range of issues including telecommunications, unfair business practices, and consumer fraud.  *See e.g.*, *Marquez v. Google LLC*, Case No. 2021-CH-1460 (Cir. Ct. Cook Cnty. 2022) (granting final approval for $100 million class settlement to resolve alleged BIPA violations of Illinois residents appearing in photos on the Google Photos platform); *Morris v. SolarCity Corp.*, Case No. 3:15-cv-05107-RS (N.D. Cal.) (granting final approval granted for $15 million class settlement to resolve claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*); *Ambrose v. Boston Globe Media Partners, LLC*, Case No. 1:22-cv-10195-RGS (D. Mass.) (granting $4 million class settlement (and up to $1 million in in kind relief) to resolve claims under the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.* based on alleged use of the Facebook Tracking Pixel).

**Philip L. Fraietta** is a Partner with Bursor & Fisher, P.A.  Mr. Fraietta focuses his practice on data privacy, complex business litigation, and consumer class actions.  *See* Fraietta Decl. Ex. 1.  Mr. Fraietta has significant experience in litigating consumer class actions,

13

particularly those involving privacy claims under statutes such as the Michigan Preservation of Personal Privacy Act and BIPA.  Since 2016, Mr. Fraietta has recovered over $100 million for class members in privacy class action settlements.  *See e.g.*, *Boelter v. Hearst Communications, Inc.*, 269 F. Supp. 3d 172, 207 (S.D.N.Y. 2017) (granting plaintiff's motion for partial summary judgment on state privacy law violations in putative class action); *Edwards v. Hearst Communications, Inc.*, Case No. 15-cv-09279-AT (S.D.N.Y. 2019) (final approval granted for $50 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations); *Moeller v. American Media, Inc.*, Case No. 16-cv-11367-JEL (E.D. Mich. 2017) (final approval granted for $7.6 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations).

**Stephen A. Beck** is an Associate with Bursor & Fisher, P.A.  Mr. Beck focuses his practice on data privacy and consumer class actions. *See* Fraietta Decl. Ex. 1.  Mr. Beck has significant experience in litigating consumer class actions, particularly those involving privacy claims under statutes such as CIPA and WESCA.

### 4.    Proposed Interim Class Counsel Are Committed to Representing and Advancing the Interests of the Class

The final Fed. R. Civ. P. 23(g)(1)(A) factor, which concerns the resources counsel will commit to the case, also strongly supports appointment of Proposed Interim Class Counsel. Here, the putative class consists of thousands of individuals who have purchased a firearm from www.sportsmans.com.  FAC ¶¶ 57, 59.  Proposed Interim Class Counsel has the resources and commitment necessary to finance a case of this magnitude.  Indeed, having served in leadership roles in complex, high-profile class actions before, Proposed Interim Class Counsel understand what is required to undertake a litigation of this magnitude and are committed to marshaling every available resource to achieve a favorable result for the class.

14

Where the class faces a well-financed adversary represented by reputable and well-funded counsel, like Defendants are here, the class should be afforded representation by counsel with similar resources. *See In re New Jersey Tax Sales Certificates Antitrust Litig.*, 2012 WL 5214598, at *2 (D.N.J. Oct. 22, 2012) (noting that "the greater resources of the Boyer Group will better represent the diverse needs of the putative class"). Proposed Interim Class Counsel meets this standard.

Proposed Interim Class Counsel has already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of members of the proposed class. The firm's resources are not merely financial, but also include substantial expertise and work product as discussed above, which were developed in other similar cases that will benefit Plaintiff and the putative class. Proposed Interim Class Counsel's ability to draw from this well-developed repository of information will help streamline the litigation.

Dated: July 31, 2024                             Respectfully submitted,

                                                 By:      /s/ Joshua D. Arisohn
                                                          Joshua D. Arisohn

                                                 **BURSOR & FISHER, P.A.**
                                                 Joshua D. Arisohn*
                                                 Philip L. Fraietta*
                                                 1330 Avenue of the Americas, 32nd Floor
                                                 New York, NY 10019
                                                 Tel: (646) 837-7150
                                                 Fax: (212) 989-9163
                                                 E-Mail: jarisohn@bursor.com
                                                         pfraietta@bursor.com


                                                 **BURSOR & FISHER, P.A.**
                                                 Stephen A. Beck*
                                                 701 Brickell Ave., Suite 1420
                                                 Miami, FL 33131-2800
                                                 Telephone: (305) 330-5512
                                                 Facsimile: (305) 676-9006
                                                 E-Mail: sbeck@bursor.com

                                                 *Admitted Pro Hac Vice

15

*Attorneys for Plaintiff and the Putative Class*